[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-14045
Non-Argument Calendar

_____

D.C. Docket No. 1:08-cr-20896-MGC-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOHNNY JASMIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(September 18, 2020)

Before JORDAN, NEWSOM and BLACK, Circuit Judges.

PER CURIAM:

Johnny Jasmin appeals the district court's denial of his motion for a reduced sentence based on the First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222. Jasmin asserts the district court erred by denying his motion for a sentence reduction based on his reduced advisory Guidelines range rather than the reduced statutory mandatory minimum. After review, we vacate the order denying Jasmin's motion and remand for further proceedings.

In 2009, in a second superseding indictment, a grand jury charged Jasmin with, *inter alia*, conspiring to distribute 50 or more grams of crack cocaine. 21 U.S.C. § 841(a)(1), (b)(1)(A)(iii). Jasmin entered a guilty plea, and the plea agreement noted Jasmin was subject to a statutory range of 10-years to life imprisonment. Jasmin's PSI, using the 2010 Guidelines manual, stated Jasmin pleaded guilty to "conspiracy to distribute 50 grams or more of cocaine base." Based on this amount of crack cocaine, the PSI calculated Jasmin's base offense level as 34, pursuant to U.S.S.G. § 2D1.1(c)(1). It added two points for the possession of a dangerous weapon, pursuant to § 2D1.1(b)(1). However, based on Jasmin's criminal history, he qualified for career offender status, under § 4B1.1(a), resulting in a base level offense of 37, which was further reduced by 3 points, under § 3E1.1(a)-(b), for his acceptance of responsibility. Based on a total offense level of 34 and a criminal history category of VI, the Guidelines range was 262 to 327-months' imprisonment and at least 5 years' supervised release. At sentencing,

2

the district court varied downward from the Guidelines range and sentenced Jasmin to 163-months' imprisonment and 5-years' supervised release, noting his personal characteristics and the nature of the offense in comparison to the sentences of his co-conspirators.

Jasmin moved for a sentence modification, under § 3582(c)(1)(B), pursuant to changes enacted by the First Step Act.[1] He asserted he was eligible for relief under the First Step Act because he was sentenced for 50 grams or more of crack cocaine, the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372, modified the statutory range for his offense, and the sentencing court's downward variance did not negatively impact his eligibility. Additionally, the 18 U.S.C. § 3553(a) sentencing factors, particularly the steps he had taken toward rehabilitation, weighed in favor of a reduction.

In a one-page order, the district court denied Jasmin's motion, stating that:

> The defendant is not entitled to a reduction of sentence pursuant to the First Step Act of 2018. The defendant's amended guideline range pursuant to the retroactive application of the Fair Sentencing Act of 2010 does change his advisory guidelines. The defendant's previous guideline range was 262-327 months. The defendant received a sentence of 163 months, a 99-month variance below the advisory guideline range. The defendant's amended computation is 188-235 months. A reduction of sentence is inappropriate.

---

[1] Jasmin previously moved three times for sentence modifications, pursuant to § 3582(c)(2), all of which the district court denied because it either lacked the authority to modify or found a modification was not warranted.

3

Jasmin is eligible for a reduction of his prison sentence. *See United States v. Jones*, 962 F.3d 1290, 1296 (11th Cir. 2020) (reviewing *de novo* whether a district court had the authority to modify a term of imprisonment). The First Step Act made retroactive the statutory penalties for a "covered offense" under the Fair Sentencing Act. First Step Act § 404. A movant is convicted of a "covered offense" if he was convicted of a crack-cocaine offense that triggered the penalties in § 841(b)(1)(A)(iii) or (B)(iii), *Jones*, 962 F.3d at 1301, and "if section two or three of the Fair Sentencing Act modified its statutory penalties," *id.* at 1298. Jasmin pleaded guilty to the charge of conspiring to distribute 50 grams or more of crack cocaine, §841(b)(1)(A)(iii). As a result, based on the 50 grams or more of crack cocaine, the statutory range for the offense was originally 10-years to life imprisonment, but, under the Fair Sentencing Act, the same offense would lead to a statutory range of 5-years to 40-years of imprisonment. *See* 21 U.S.C. § 841(b)(1)(B)(iii) (2009); *id.* (2012). Accordingly, Jasmin's offense qualified as a covered offense. *See Jones*, 962 F.3d at 1298, 1301-02.

The First Step Act permitted the district court to reduce Jasmin's prison sentence. "Any reduction must be 'as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed.'" *Jones*, 962 F.3d at 1303 (quoting First Step Act § 404b)). Because Jasmin's sentence of 163 months' imprisonment exceeded the statutory mandatory-minimum sentence of 5

years of imprisonment provided in the Fair Sentencing Act, the district court had the authority to reduce his sentence under the First Step Act.

However, it is unclear whether the district court recognized its authority to reduce Jasmin's sentence based on the statutory range rather than the revised Guidelines range. *See Jones*, 962 F.3d at 1297, 1304-05. In its order denying Jasmin's motion for reduction of sentence, the court identified the retroactivity of the Fair Sentencing Act as the basis for its order, but it erroneously speaks exclusively to the Fair Sentencing Act's impact on Jasmin's Guidelines range, not acknowledging any role played by the statutory range. *Jones* makes clear that, when the record is ambiguous as to whether the district court understood its authority under the First Step Act, we must vacate the order denying relief and remand for further proceedings. 962 F.3d at 1305. Thus, because of its reference solely to the impact on Jasmin's Guidelines range rather than the statutory mandatory-minimum sentence, the record is unclear whether the district court understood the scope of its authority, and we vacate and remand the order for further proceedings.[2]

**VACATED and REMANDED.**

---

[2] A district court "may," but is not "require[d] . . . to reduce [the] sentence," of an eligible movant. First Step Act § 404(b),(c). Further, because we vacate and remand for clarification whether the district court understood the scope of its authority, we need not consider whether the district court's explanation for declining to reduce the sentence was sufficient.

5